UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARIO F. MESA,
and other similarly-situated individuals,

    Plaintiff(s),

v.

DEPORTES MEDIA OF FLORIDA, LLC
DEPORTES MEDIA, LLC a Texas corporation
and DAVID F. JACOBS, individually

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, MARIO F. MESA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants DEPORTES MEDIA OF FLORIDA, LLC, DEPORTES MEDIA, LLC, and DAVID F. JACOBS individually and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. At all times material hereto Plaintiff, MARIO F. MESA, was a resident of Miami-Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant DEPORTES MEDIA OF FLORIDA, LLC is a foreign company registered to do business in Florida, having place of business in Miami, Florida, where Plaintiff worked

for Defendants. At all times material hereto, Defendant was engaged in interstate commerce. employers of Plaintiff and other similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]

4. Defendant DEPORTES MEDIA, LLC is the parent company of DEPORTES MEDIA OF FLORIDA, LLC. Defendant DEPORTES MEDIA, LLC is registered to do business in Texas, having place of business in Dallas, TX. Defendant was and is engaged in interstate commerce.

5. Corporate Defendants DEPORTES MEDIA OF FLORIDA, LLC, and DEPORTES MEDIA, LLC, hereinafter will be called collectively DEPORTES MEDIA.

6. The individual Defendant DAVID F. JACOBS was and is now, the owner and director of DEPORTES MEDIA OF FLORIDA, LLC, and DEPORTES MEDIA, LLC. This individual Defendant was the employer of Plaintiff and other similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

ALLEGATIONS COMMON TO ALL COUNTS

7. Defendant DEPORTES MEDIA, is a leading Spanish language broadcasting company that operated ESPN Deportes Miami, 1210 AM-WNMA. DEPORTES MEDIA is specialized in sports directed to the Latin community in South Florida. DEPORTES MEDIA broadcasted to a population in excess of one hundred thousand.

8. Defendants DEPORTES MEDIA and DAVID F. JACOBS employed Plaintiff MARIO F. MESA from June 2011, to August 16, 2016 as a full time salaried employee. For FLSA purposes Plaintiff's relevant period of employment is 135 weeks.

9. Plaintiff's salary during the relevant time of employment was $729.16 weekly.

10. Plaintiff was hired as news editor for the radio station, and its digital media which included websites and social media. Plaintiff's duties consisted of gathering, re-rewrite, and edit news already published on the internet, newspapers, magazines etc. Plaintiff performed his work depending primarily on his intelligence, diligence and accuracy. Plaintiff did not exercise independent judgment, discretion or criteria. Plaintiff worked under closed supervision and directions of General Manager, Mariela Mea, who reviewed all the material prepared by Plaintiff, before being presented on the air, or over the internet.

11. While employed by Defendants DEPORTES MEDIA and DAVID F. JACOBS, Plaintiff MARIO F. MESA had a split schedule, Plaintiff worked from Monday to Friday from 4:30 AM to 6:30 AM (2 hours), and from 8:00 AM to 12:00 PM (4 hours). In the afternoon, Plaintiff worked from 2:00 PM to 5:00 PM (3 hours), and from 9:00 PM to 10:00 PM (1 hour); on Saturdays Plaintiff worked from 6:00 AM to 8:00 AM (2 hours), and then from 8:00 PM to 10:00 PM (2 hours); on Sundays Plaintiff worked from 6:00 AM to 8:00 AM (2 hours), and then from 8:30 PM to 9:30 PM (1 hour). Plaintiff worked a total of 57 hours every week.

12. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was paid for an average of 43.33 hours at his regular wage rate. The remaining overtime hours were not paid to Plaintiff at any rate, not even the minimum wage rate, in violation of the Fair Labor Standards Act.

13. Furthermore, Plaintiff was not paid his regular wages during his last 4 weeks of employment, or the equivalent to $2,916.66.

14. Defendant did not keep any time-keeping method to track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff was paid bi-weekly with checks and paystubs showing only 43.33 hours worked per week paid at his regular wage rate.

15. On or about August 16, 2016, Defendant laid off Plaintiff and other employees, but never paid Plaintiff his hard-earned wages.

16. Plaintiff MARIO F. MESA seeks to recover for unpaid regular, and overtime wages accumulated during all their time of employment, as allowable by law.

17. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**</u>

18. Plaintiff MARIO F. MESA re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff MARIO F. MESA and those similarly-situated employees, to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. The employer DEPORTES MEDIA, was engaged in interstate commerce within the meaning of the Fair Labor Standards Act, as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A) because Defendant is a broadcasting company or radio station. Defendant has more than two employees directly and recurrently engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

21. Plaintiff was employed by Defendant as a news editor performing non-exempt work, and through his daily activities, Plaintiff participated in interstate commerce because he regularly was engaged in activities that were so closely related to the dissemination of information and advertising received from other states, as to be interstate commerce. Therefore, there is individual coverage

22. Defendants DEPORTES MEDIA employed Plaintiff MARIO F. MESA from June 2011, to August 16, 2016 as a full time salaried employee. For FLSA purposes Plaintiff's relevant period of employment is 135 weeks.

23. Plaintiff's salary during the relevant time of employment was $729.16 weekly.

24. Plaintiff was hired as news editor for the radio station, and its digital media. Plaintiff's duties consisted of gathering, re-rewrite, and edit news already published on the internet, newspapers, magazines etc. Plaintiff performed his work depending primarily on his

intelligence, diligence and accuracy. Plaintiff did not exercise independent judgment, discretion or criteria. Plaintiff worked under closed supervision and directions of General Manager, Mariela Mea, who reviewed all the material prepared by Plaintiff, before being presented on the air, or over the internet.

25. While employed by Defendants DEPORTES MEDIA and DAVID F. JACOBS, Plaintiff MARIO F. MESA worked a total of 57 hours every week.

26. However, Plaintiff was paid for an average of 43.33 hours at his regular wage rate and did not receive any additional compensation for overtime hours. Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

27. Defendant did not keep any time-keeping method to track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff was paid weekly with checks and paystubs showing only 43.33 hours of work per week.

28. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

29. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

30. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages:</u>

   Fourteen Thousand Six Hundred Sixty-Five Dollars and 05/100 ($14,665.05)

   b. <u>Calculation of such wages:</u>

   Total weeks of employment: 135 weeks
   Total weeks with overtime hours: 135

   **1.- O/T calculation for 3.33 overtime hours paid at regular rate from January 13, 2014 to August 16, 2016, or 135 weeks = $2,872.80**

   Total hours worked: 57 hours every week
   Total O/T hours: 17 O/T hours
   Total O/T hours paid: 3.33 hours
   Paid weekly: salary $729.16: 57 worked hours = $12.79 an hour
   Regular rate: $12.79 x 1.5=$19.18 O/T rate-$12.79 paid for O/T hours= $6.39
   Unpaid O/T half-time: $6.39

   Half-time $6.39 x 3.33=$21.28 weekly x 135 weeks = $2,872.80

   **2.- O/T calculation for 13.67 unpaid overtime hours accumulated from January 13, 2014 to August 16, 2016, or 135 weeks = $11,792.25**

   Total hours worked: 57 hours every week
   Total O/T hours: 17 O/T hours
   Total O/T hours paid: 3.33 hours
   Total Unpaid O/T hours: 13.67 hours
   Paid weekly: salary $729.16: 57 worked hours = $12.79 an hour
   Regular rate: $12.79 x 1.5=$19.18 O/T rate-$12.79 paid for O/T hours= $6.39
   Unpaid O/T half-time: $6.39

   Half-time $6.39 x 13.67=$87.35 weekly x 135 weeks = $11,792.25

   Total O/T #1 and #2: $14,665.05

   <u>Nature of wages (e.g. overtime or straight time):</u>

> This amount represents unpaid half-time overtime wages.

32. The Employer/Defendant DEPORTES MEDIA failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant DEPORTES MEDIA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

34. At times mentioned, individual Defendant DAVID F. JACOBS was and is now, the owner, president and CEO of DEPORTES MEDIA. Defendant DAVID F. JACOBS was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual acted directly in the interests of DEPORTES MEDIA in relation to its employees including Plaintiff and others similarly situated. Defendant DAVID F. JACOBS had operational control of the business, determined Plaintiff's terms and working conditions and is jointly liable for Plaintiff's damages.

35. Defendants DEPORTES MEDIA, and DAVID F. JACOBS willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as

required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIO F. MESA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MARIO F. MESA and other similarly-situated individuals and against the Defendants DEPORTES MEDIA, and DAVID F. JACOBS on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MARIO F. MESA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MARIO F. MESA and those similarly-situated demand trial by jury of all issues triable

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

37. Plaintiff MARIO F. MESA re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

38. This action is brought by Plaintiff and those similarly situated to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

39. The employer DEPORTES MEDIA, was engaged in interstate commerce within the meaning of the Fair Labor Standards Act, as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A) because Defendant is a broadcasting company or radio station. Defendant has more than two employees directly and recurrently engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business

activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

40. Plaintiff was employed by Defendant as a news editor performing non-exempt work, and through his daily activities, Plaintiff participated in interstate commerce because he regularly was engaged in activities that were so closely related to the dissemination of information and advertising received from other states, as to be interstate commerce. Therefore, there is individual coverage

41. Defendants DEPORTES MEDIA employed Plaintiff MARIO F. MESA from June 2011, to August 16, 2016 as a full time salaried employee. For FLSA purposes Plaintiff's relevant period of employment is 135 weeks.

42. Plaintiff was hired as news editor for the radio station, and its digital media. Plaintiff's duties consisted of gathering, re-rewrite, and edit news already published on the internet, newspapers, magazines etc. Plaintiff performed his work depending primarily on his intelligence, diligence and accuracy. Plaintiff did not exercise independent judgment, discretion or criteria. Plaintiff worked under closed supervision and directions of General Manager, Mariela Mea, who reviewed all the material prepared by Plaintiff, before being presented on the air, or over the internet.

43. While employed by Defendants DEPORTES MEDIA and DAVID F. JACOBS, Plaintiff MARIO F. MESA had a split schedule, Plaintiff worked Plaintiff worked a total of 57 hours every week.

44. Plaintiff's salary during the relevant time of employment was $729.16 weekly.

45. However, during the relevant period of employment Plaintiff was not paid regular wages for his last 4 weeks of employment. Plaintiff did not receive even the minimum wages as established by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

46. Therefore, during the relevant period, Defendants failed to pay Plaintiff minimum wages, in violation of FLSA provisions.

47. The records, if any, concerning the number of hours actually worked by Plaintiff MARIO F. MESA, and all other similarly-situated employees, and the compensation actually paid to such employees, should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

48. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

49. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these are preliminary calculations, subjected to modifications after proper discovery.
*Florida minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand Eight Hundred Thirty-Five Dollars and 40/100 ($1,835.40)

   b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment: 135 weeks
   Total number of unpaid weeks: 4 weeks
   Total number of hours worked: 57 hours weekly
   Federal minimum wage: $7.25 - Florida minimum wage 2016: $8.05

   Fl Min. wage 2016 $8.05 x 57 hours=$458.85 weekly x 4 weeks=$1,835.40

c. <u>Nature of wages:</u>

   This amount represents unpaid minimum wages.

50. Defendant DEPORTES MEDIA unlawfully failed to pay Plaintiff minimum wages as required by the Fair Labor Standards Act.

51. Defendant DEPORTES MEDIA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

52. At times mentioned, individual Defendant DAVID F. JACOBS was and is now, the owner, president and CEO of DEPORTES MEDIA. Defendant DAVID F. JACOBS was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual acted directly in the interests of DEPORTES MEDIA in relation to its employees including Plaintiff and others similarly situated.  Defendant DAVID F. JACOBS had operational control of the business, determined Plaintiff's terms and working conditions and is jointly liable for Plaintiff's damages.

53. Defendants DEPORTES MEDIA, and DAVID F. JACOBS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above, and remain owing Plaintiff these minimum wages.

54. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIO F. MESA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MARIO F. MESA and against the Defendants DEPORTES MEDIA, and DAVID F. JACOBS on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIO F. MESA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: January 26, 2017

    Respectfully submitted,

    By: __/s/ **Zandro E. Palma**____
    ZANDRO E. PALMA, P.A.
    Florida Bar No.: 0024031
    9100 S. Dadeland Blvd.
    Suite 1500
    Miami, FL 33156
    Telephone: (305) 446-1500
    Facsimile: (305) 446-1502
    zep@thepalmalawgroup.com
    *Attorney for Plaintiff*